**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANNE E. FIALKOWSKI, ESQUIRE** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **NO. 11-5139** |
| | : | |
| **DAVID PERRY, ESQUIRE;** | : | |
| **SHERRY R. PERRY, ESQUIRE; and,** | : | |
| **STANLEY A. METTER, CPA,** | : | |
| **Defendants.** | : | |

## SCHEDULING ORDER

**AND NOW**, this 15th day of November, 2011, following a Preliminary Pretrial

Conference on said date, the parties, through counsel, having reported that they are interested in

discussing settlement after completion of some discovery, **IT IS ORDERED** that plaintiff shall

provide defendants with a demand on or before January 12, 2012.  On or before March 15, 2012,

the parties, through counsel, shall jointly report to the Court (letter to Chambers, Room 12613)

with respect to whether the case is settled.   In the event the case is not settled on or before March

15, 2012, counsel shall include in their joint report a statement as to whether they believe a

settlement conference before a magistrate judge, mediation under Local Civil Rule 53.3 and the

Mediation Protocol Under Local Civil Rule 53.3, or some other form of alternative dispute

resolution might be of assistance in resolving the case and, if so, on what form of alternative

dispute resolution they agree and by what date they will be prepared to commence such

proceedings.

**IT IS FURTHER ORDERED** that the case shall proceed on the following schedule:

1.  Initial disclosure under Federal Rule of Civil Procedure 26(a)(1) shall be completed on

or before December 2, 2011.

All remaining fact-discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by May 14, 2012;

2.  On or before June 1, 2012, plaintiff shall serve defendants with curriculum vitae and reports and/or responses to expert witness discovery for all expert witnesses on liability and damages.

On or before June 15, 2012, defendants shall serve plaintiff with curriculum vitae and reports and/or responses to expert witness discovery for all expert witnesses on liability and damages;

3.  Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages, serve opposing parties with details and/or documents covering  the lay opinions of the Rule 701 witnesses;

4.  Discovery depositions of expert witnesses may be taken between June 22, and July 20, 2012; and,

5.  Because the case is to be tried non-jury, the Court suggested to the parties that they consider agreeing to present the case on cross-motions for summary judgment with the Court deciding any issues of material fact identified by the Court in connection with its review of the motions for summary judgment, subject to the *proviso* that the Court notify the parties of any such issues of material fact and give the parties an opportunity to supplement the record with documents or testimony with respect to each such issue.

For the reasons stated during the Preliminary Pretrial Conference, the Court will not proceed with summary judgment motions absent an agreement that it can decide genuine issues of material fact, subject to the *proviso* that the Court notify the parties of any such issues of material fact and give the parties an opportunity to supplement the record with documents or testimony with respect to each such issue.

The parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before December 16, 2011, with respect to their agreement to the aforesaid procedure for deciding the case on cross-motions for summary judgment without the need for a non-jury trial.  In the event the parties agree to proceed as set forth above with respect to cross-motions for summary judgment, they shall proceed as follows:

Defendants shall file and serve their motions for summary judgment on or before August 17, 2012.  Pursuant to the Court's *Pretrial and Trial Procedures*, moving parties shall include with any motion for summary judgment a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue of material fact.  Plaintiff shall file and serve her responses to defendants' motions for summary judgment and a cross-motion for summary judgment on or before September 14, 2012.  Plaintiff's response to defendants' motion for summary judgment shall include a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement, as to which it is contended that there exists a genuine issue of material fact. The responding party may also set forth, in additional numbered paragraphs, any additional material facts which the responding party contends preclude the granting of the motion for summary judgment.  Defendants shall file and serve their responses to plaintiff's cross-motion for summary judgment on or before October 8, 2012.  Defendants' response to plaintiff's cross-

motion for summary judgment shall include a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement, as to which it is contended that there exists a genuine issue of material fact.  The responding party may also set forth, in additional numbered paragraphs, any additional material facts which the responding party contends preclude the granting of the motion for summary judgment. Two (2) copies of such motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed.

**IT IS FURTHER ORDERED** that, in the event the parties do not agree to permit the Court to adjudicate the case based on the cross-motion for summary judgment procedure described in paragraph 5 above, the case shall proceed on the following schedule:

6.  All trial exhibits shall be marked and exchanged on or before August 10, 2012;

7.  All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

a.  Plaintiff/Defendant on Counterclaim  - on or before August 17, 2012.

b.  Defendants/Plaintiffs on Counterclaim - on or before August 24, 2012.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

8.  The case will be placed on the Court's trial list on September 7, 2012;[1]

9.  Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; or,  (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered, shall set forth separately each such objection in their Pretrial Memorandum.  Each

---

[1]The case will be tried non-jury.  The estimated trial time is five (5) to six days.

objection shall describe with particularity the ground and the authority for the objection;

10.   If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel prior to trial for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

11.   Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

12.   The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list.  The original shall be filed with the Clerk of the Court;

13.   At least three (3) days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 126l3) two (2) copies of (a) proposed findings of fact and

conclusions of law, (b) motions *in limine* (excepting *Daubert* motions), and (c) a trial memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court; and,

14.  At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**

**/s/ Jan E. DuBois**
_____
**JAN E. DUBOIS, J.**