IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE E. FIALKOWSKI, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | NO. 11-5139 |
| v. | : | |
| | : | |
| DAVID PERRY; SHERRYL R. PERRY; | : | |
| and STANLEY A. METTER., | : | |
|     Defendants. | : | |

**DuBOIS, J.**                                                                                                        June 29, 2012

# M E M O R A N D U M

## I.     INTRODUCTION

The parties have requested the Court's assistance in resolving a discovery dispute.[1] The dispute centers on plaintiff's refusal to produce materials prepared by plaintiff at the direction of her attorney which plaintiff's expert witness reviewed in preparing his report. Plaintiff asserts that the materials defendants requested are protected from disclosure under the attorney-client privilege and the work product doctrine. Defendant contends that, regardless of privilege, these materials are discoverable under Federal Rules of Civil Procedure 26(a)(2)(B) and (b)(4)(C) because plaintiff's attorney gave these materials to plaintiff's testifying expert for the expert to "consider" and "rely on" in forming his expert opinions.

For the reasons that follow, the Court grants defendants' request for production of the parts of all requested documents containing "facts or data" that plaintiff's expert reviewed or

---

[1] The parties have submitted a total of five letters/briefs: (1) defendant Stanley A. Metter's letter/brief on behalf of all defendants, dated June 8, 2012; (2) defendants David Perry and Sherryl R. Perry's supplemental letter/brief, dated June 11, 2012; (3) a joint status report of the parties, dated June 13, 2012; (4) a letter/brief in response to defendants' letters/briefs, dated June 15, 2012; and (5) defendants David Perry and Sherryl R. Perry's reply letter/brief, dated June 18, 2012. Those letters/briefs constitute the record on the discovery issue addressed in this Memorandum and shall be docketed by the Deputy Clerk with the filing of this Memorandum.

considered or "assumptions" that the expert relied on in forming the opinions he expressed. The request is denied in all other respects.

## II.   BACKGROUND

This case involves plaintiff Anne E. Fialkowski's claims that defendants David Perry, Sherryl R. Perry, and Stanley A. Metter defrauded her and breached the contractual, legal, and fiduciary obligations they owed to her. (Br. Supp. Pl.'s Mot. Leave File Am. Compl., Pl.'s Mot. Leave Amend Compl. 1.) Plaintiff and defendants David and Sherryl Perry were partners at the law firm of Perry, Fialkowski & Perry ("PF&P"). (Id.) Defendant Metter was PF&P's accountant. (Id.) Plaintiff's claims arise from her assertions that defendants David and Sherryl Perry "unilaterally and retroactively reduced [her] partnership share after she underwent spinal cord surgery" and that defendant Metter aided David and Sherryl Perry in improperly spending hundreds of thousands of dollars of PF&P revenue on personal expenses. (Id.)

The present discovery dispute arises from defendants' request that plaintiff produce materials that plaintiff's expert witness, certified public accountant Howard Lapensohn, identified in paragraph 17 of the "Document Review" portion of the written report he prepared pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (Def. Metter's Letter/Brief, dated 06/08/12, at 1.) In his report, Mr. Lapensohn stated that "[a]s part of my engagement in expressing the below opinion, I have reviewed . . . [v]arious spreadsheets and document analysis [that] Plaintiff [prepared] from QuickBooks records, tax returns, and [d]iscovery produced by Defendant Metter." (hereinafter "requested materials") (Id.) Plaintiff's attorney describes one of the requested materials as a thirty-nine-page document that contains plaintiff's own "explanation and assessment of . . . discovery documents and how they relate to the claims [she has] asserted

and the various defenses raised by defendants." (Pl.'s Letter/Brief, dated 06/15/12 ("Pl.'s 06/15/12 Letter"), at 1.)

Plaintiff objects to the production of the requested materials on two grounds. First, plaintiff asserts that the requested materials are "plainly . . . covered" by the attorney-client privilege because plaintiff prepared them for the purpose of assisting her attorney "in understanding the Perry, Fialkowski & Perry QuickBook records and documents produced in discovery by defendants." (Id.) Second, plaintiff asserts that the requested materials are protected work product under Federal Rule of Civil Procedure 26(b)(4)(C), which plaintiff contends was added to the Federal Rules in 2010 "for the specific purpose of providing work product protection for attorney-expert communications." (Id.)

### III.   DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides generally that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As the party claiming a privilege, plaintiff has the burden of establishing that a privilege applies. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000).

At the heart of the parties' dispute is a disagreement over the effect of the 2010 Amendments to Rule 26. Plaintiff asserts that the language and intent of Rule 26, as amended in 2010, demonstrates that the materials at issue are privileged and are thus not discoverable. The Court disagrees. Before addressing plaintiff's assertions of the attorney-client privilege and the work product doctrine, the Court will briefly explain the development of Rule 26.

**A. Law Prior to 2010 Amendments to Rule 26**

In 1993, Rule 26 was amended to require parties to produce information without formal discovery requests from their opponents. Quinn Const., Inc. v. Skanska USA Bldg., Inc., 263 F.R.D. 190, 194 (E.D. Pa. 2009). With respect to testifying experts, the 1993 version of Rule 26 stated that any witness who "may" testify as an expert at trial "must" produce a written report that contained, among other things, "the data or other information considered by the witness in forming" all opinions. Id. (citing Fed. R. Civ. P. 26(a)(2)(B)(ii)). The Third Circuit has not directly addressed whether the 1993 amendments to Rule 26(a)(2)(B) were intended to require the disclosure of information that would otherwise be privileged. However, relying on the Advisory Committee's Notes to the 1993 Amendments, courts in this District and several federal courts of appeals have held that the 1993 version of Rule 26(a)(2)(B) required the production of otherwise privileged material. See, e.g., id. at 194-95; Fed. R. Civ. P. 26 advisory committee notes to 1993 amendments ("Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."); Reg'l Airport Auth. of Louisville v. LFG, LLC, 460 F.3d 697, 715 (6th Cir. 2006) (agreeing with "the majority view [before the 2010 Amendments] that Rule 26 . . . require[d] disclosure of all information provided to testifying experts").

Thus, under the pre-2010 version of Rule 26, the requested materials were discoverable. In the next section, the Court analyzes whether the 2010 Amendments have changed this result.

### B. 2010 Amendments to Rule 26

In 2010, Rule 26 was "amended to address concerns about expert discovery." Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments.

#### 1. 2010 Amendment to Rule 26(a)(2): Disclosure of Expert Testimony

As amended in 2010, Rule 26(a)(2)(B) now requires an expert witness to prepare a written report containing, inter alia, "the facts or data" that the witness considered in forming all opinions. Fed. R. Civ. P. 26(a)(2)(B). The phrase "facts and data" included in the 2010 version is intended to be narrower than the "data and other information" formulation used in the 1993 version. See Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments. The 2010 Amendments did not alter the definition of "consider." See id. Thus, required disclosures under Rule 26(a)(2)(B) still include "any information furnished to a testifying expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected." Synthes Spine Co., L.P. v. Walden, 232 F.R.D. 460, 463 (E.D. Pa. 2005); see also Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments ("The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert."). Because plaintiff's expert admits that he reviewed the requested materials in forming his opinions, there is no question that he "considered" these materials within the meaning of Rule 26(a)(2)(B).

In explaining the changes to Rule 26(a)(2), the Advisory Committee noted that the changes were

> intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports. . . . The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of

>counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.

Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments (emphasis added).

### 2. 2010 Amendment to Rule 26(b)(4): Trial Preparation for Experts

In 2010, Rule 26(b)(4)(C) was added to the Federal Rules. Rule 26(b)(4)(C) "provide[s] work-product protection for attorney-expert communications regardless of the form of the communications," except for communications that (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments; Fed. R. Civ. P. 26(b)(4)(C).

The Advisory Committee Notes to the 2010 Amendments explain that Rule 26(b)(4)(C) is "designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery." Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments (emphasis added). The Advisory Committee further notes that the addition of Rule 26(b)(4)(C) was not intended to "impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Id. Thus, contrary to plaintiff's assertions, the addition of Rule 26(b)(4)(C) to the Federal Rules does not render the requested materials undiscoverable. In fact, to the extent that these materials identify "facts or data . . . that the expert considered" or "assumptions . . . that the expert relied on in forming the opinions to be expressed," Rules 26(b)(4)(C)(ii) and (iii) specifically state that they are discoverable.

### C. Plaintiff's Assertions of Privilege under the Attorney-Client Privilege and the Work Product Doctrine

Plaintiff asserts that the requested materials are protected from disclosure under the attorney-client privilege and the work product doctrine. Allowing disclosure of these materials, plaintiff contends, is contrary to the language and intent of the present version of Rule 26. The Court disagrees.

Courts have held that the disclosure requirements of Rule 26(a)(2)(B) "were meant to trump all claims of privilege, mandating production of all information furnished to the testifying expert for consideration in the formulation of [the expert's] opinions, regardless of privilege." Synthes Spine, 232 F.R.D. at 463; see also CP Kelco U.S. Inc. v. Pharmacia Corp., 213 F.R.D. 176, 179 (D. Del. 2003) ("It would be manifestly unfair to allow a party to use the [attorney-client] privilege to shield information which it . . . deliberately [used] . . . to arm its expert for testimony. . . . Having chosen to use the information offensively, any privilege Pharmacia . . . claimed to defend the information from disclosure is, and remains, waived."); Kontonotas v. Hygrosol Pharm. Corp., No. 07-4989, 2009 WL 3719470 (E.D. Pa. Nov. 4, 2009) ("[Pursuant to Rule 26(a)(2)(B),] the work product privilege and the attorney-client privileges are waived when privileged material is given by a party to its expert for 'consideration.'"). The 2010 Amendments do not invalidate these pre-2010 decisions. See Graco, Inc. v. PMC Global, Inc., No. 08-1304 FLW, 2011 WL 666056, at *8 (D.N.J. Feb. 14, 2011) ("Importantly, 'Rule 26(a)(2)(B) [requires] the disclosure of all materials considered by [a testifying expert] . . . regardless of . . . claims of attorney-client or work-product privilege.'" (alterations in original) (quoting Dyson Tech. Ltd. v. Maytag Corp., 241 F.R.D. 247, 251 (D. Del. 2007)).

As discussed above, the purpose of amending Rule 26 in 2010 was to limit disclosure to materials of a factual nature and to protect against disclosure of counsel's work product. Fed. R.

Civ. P. 26 advisory committee notes to 2010 amendments. The requested materials contain "factual ingredients" and disclosure does not implicate "theories or mental impressions of counsel" because plaintiff, not plaintiff's attorney, prepared them. Id. Thus, the 2010 Amendments provide no basis for prohibiting discovery of the requested materials.

Plaintiff's expert was required to include in his written report all of the "facts or data" that he "considered" in forming his opinions. Fed. R. Civ. P. 26(a)(2)(B). Because plaintiff's expert "considered" the requested materials within the meaning of Rule 26(a)(2)(B), the "facts or data" in those materials must be disclosed. See id. (An expert's "report must contain . . . the facts or data considered by the witness in forming [all opinions]."). Even if the requested documents are considered "communications" between a party's attorney and an expert within the meaning of Rule 26(b)(4)(C), they are discoverable to the extent that they fall within the exceptions listed in Rules 26(b)(4)(C)(ii) and (iii), for "facts and data" that the expert considered and for "assumptions" that the expert relied on. The requested materials were discoverable under the 1993 version of Rule 26 and they remain discoverable today. This result is consistent with the language and intent of the present version of Rule 26.

### IV.     Conclusion

The Court grants defendants' request that plaintiff produce the parts of all requested documents containing "facts or data" that plaintiff's expert reviewed or considered or "assumptions" that the expert relied on in forming the opinions he expressed. The request is denied in all other respects.

An appropriate Order follows.