# DEASEY MAHONEY VALENTINI NORTH LTD

FRANCIS J. DEASEY
HARRY G. MAHONEY
GERALD J. VALENTINI†
JANE A. NORTH†
HENRI MARCEL†
CARLA P. MARESCA†
JOHN P. MORGENSTERN†

WARD A. RIVERS†
CHRISTOPHER C. NEGRETE
STEPHEN J. PARISI†
THOMAS C. GALLAGHER†
ANDREW B. ADAIR
SHERYL L. BROWN†
MATTHEW J. JUNK†
ATHENA O. PAPPAS†
KEVIN M. DURKAN†
RUFUS A. JENNINGS○
PETER R. KULP†
KATHERINE J. SULLIVAN†
CHRISTINE D. STEFFKE†
STACEYANN M. SAUNDERS†
MILES P. DUMACK
MEGHAN F. HENRY†
DAMARIS L. GARCIA
MAY MON POST

SUITE 3400
1601 MARKET STREET
PHILADELPHIA, PA 19103-2301
215-587-9400
FACSIMILE: 215-587-9456

DIRECT EMAIL: CCNEGRETE@DMVNLAW.COM
VOICE-MAIL EXTENSION #130

NEW JERSEY OFFICE
80 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-6331
FACSIMILE: 856-429-6562

MEDIA OFFICE
SUITE 101
103 CHESLEY DRIVE
MEDIA, PA 19063
610-892-2732
FACSIMILE: 610-892-2926

OF COUNSEL:

FRANK C. BENDER
MICHAEL P. RAUSCH†
WILLIAM A. RUBERT†

† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
○ ALSO MEMBER NY BAR

June 8, 2012

**VIA FACSIMILE**

The Honorable Jan E. DuBois
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
12613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    RE:    ANNE E. FIALKOWSKI V. DAVID PERRY, ET AL.
            CIVIL ACTION NO. 11-CV-5139
            OUR FILE NO. 701.24200

Dear Judge DuBois:

    This firm represents Defendant, Stan A. Metter, CPA, in the above lawsuit. I am writing on behalf of all Defendants to request Your Honor's assistance in resolving a discovery dispute that the parties have been unable to resolve.

    Plaintiff's counsel has asserted that the work-product doctrine set forth in Fed. R. Civ. P. 26(b)(3) protects from disclosure certain documents provided to, considered by and relied upon by his expert, Howard Lapensohn, CPA. The disputed documents are referred to in the "Document Review" portion of Mr. Lapensohn's report which states, in relevant part:

> As part of my engagement in expressing the below opinion, I have reviewed the following:
>
>     \*     \*     \*
>
> 17) Various spreadsheets and document analysis prepared by Plaintiff from QuickBooks records, tax returns, and Discovery produced by Defendant Metter;

The Honorable Jan E. DuBois
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
June 8, 2012
Page 2 of 3

Plaintiff, as the party claiming privilege, has the burden of establishing that the work product protection applies. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000). Defendants assert that neither the work product doctrine, nor the protections of Rule 26(b)(4)(C) are applicable. First, Rule 26(a)(2)(B)(ii) requires the disclosure of the "facts or data considered by the witness." Mr. Lapensohn clearly listed these materials as documents that he reviewed and considered as part of his engagement in expressing his opinions.

Second, Rule 26(b)(4)(C) protects only *"communications"* between the party's attorney and an expert. The Rule does not protect the documentary evidence submitted to the expert. Moreover, the Rule only protects communications *from the attorney to the expert*, not communications from, or materials supplied by, the party herself. Thus, Rule 26(b)(4)(C) is inapplicable because the materials listed in Mr. Lapensohn's report: (1) do not constitute "communications"; and (2) were prepared by Plaintiff, not by counsel.

Even if Rule 26(b)(4)(C) were held to be applicable, the protection is not absolute. The Rule mandates the disclosure of communications that:

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify the assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

The documents provided to Mr. Lapensohn identify facts and data that he considered and relied upon in forming his opinions. Moreover, it is likely that the documents also identify assumptions provided to and relied upon by Mr. Lapensohn in preparing his report. As such, the materials would be discoverable under Rules 26(b)(4)(C)(ii) and (iii) even if Rule 26(b)(4)(C) were applicable.

Plaintiff's counsel has rejected Defendants' position and continues to maintain that the documents supplied to Mr. Lapensohn are somehow privileged. As such, the Defendants request Your Honor's assistance in resolving the matter. Additionally, this matter is time-sensitive in light of the June 15, 2012 deadline for Defendants to submit their own expert reports. If this matter cannot be resolved promptly, the Defendants would respectfully request an extension of their expert deadline or the right to circulate a supplemental expert report upon receipt and review of the disputed documents.

The Honorable Jan E. DuBois
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
June 8, 2012
Page 3 of 3

      Thank you for your kind assistance with this matter.

                                Respectfully,

                                **DEASEY, MAHONEY, VALENTINI & NORTH, LTD.**

                        BY: _____
                                CHRISTOPHER C. NEGRETE

CCN/mac
cc:   David F. McComb, Esquire (*Via facsimile*)
       Craig E. Ziegler, Esquire (*Via facsimile*)