

# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

Craig E. Ziegler
Admitted in Pennsylvania

123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
Tel: 215-772-1500

Direct Dial:  215-772-7565
Fax:          215-772-7620
Email:        cziegler@mmwr.com

June 11, 2012

**VIA FACSIMILE**

The Honorable Jan E. DuBois
United States District Court for
    the Eastern District of Pennsylvania
United States Courthouse
Room 12613
601 Market Street
Philadelphia, PA 19106

Re:   Anne E. Fialkowski v. David Perry, et al.
      Civil Action No. 11-CV-5139

Dear Judge DuBois:

This firm represents defendants David Perry and Sherryl Perry in the above-referenced action. We join in the request made by defendant Stanley Metter for the Court's assistance in resolving a discovery dispute among the parties. In addition to the arguments set forth in the letter to the Court from Mr. Metter's counsel, dated June 8, 2012, the Perrys offer one additional argument for the Court's consideration.

It is not clear whether the documents at issue here qualify as attorney work product, as the plaintiff claims, since the documents were created by the plaintiff herself, and not by her counsel. However, even if they qualify as attorney work product, once the plaintiff gave them to her expert for his consideration, they lost whatever protection they might otherwise have had, and must now be disclosed to the defendants as a part of the mandated expert disclosures.

The Courts in this district have consistently held that "when a party provides attorney work product to a testifying expert and that information is 'considered' by the expert and becomes subject to the disclosure requirements of Rule 26(a)(2)(B), then the protection from disclosure ordinarily given to attorney work product is waived and the information must be disclosed." Quinn Construction, Inc. v. Skanska USA Building, Inc., 263 F.R.D. 190, 196-97 (E.D.Pa. 2009). See also Kida v. Ecowater Systems, LLC, 2011 U.S. Dist. LEXIS 54336, Civil Action No. 10-4319 (E.D. Pa. May 17, 2011); Kontonotas v. Hygrosol Pharmaceutical Corp., 2009 U.S. Dist. LEXIS 102552, Civil Action No. 07-4989 (E.D. Pa. Nov. 4, 2009). The Court in Kontonotas explained that "This means that the work product privilege and the attorney-client

Montgomery McCracken Walker & Rhoads LLP

The Honorable Jan E. DuBois
June 11, 2012
Page 2

privileges are waived when privileged material is given by a party to its expert for 'consideration.'" Kontonotas, U.S. Dist LEXIS 102552, at *9-10.

Although these cases pre-date the 2010 amendments to Rule 26 that provided some protection to communications between a party's attorney and that party's expert witness, those amendments do not alter the holding of these cases. In fact, these cases are consistent with the amendments to Rule 26. The Rule explicitly states that any facts or data that an attorney has provided to his expert and that the expert has "considered" in forming his opinions are not protected from disclosure, but must be disclosed to one's opponents. See Rule 26(b)(4)(C)(ii) and (iii) -- as set forth in Mr. Negrete's letter of June 8, 2012.

A document is "considered" by an expert whenever the expert "generates, reviews, reflects upon, reads, and/or uses" it in connection with the formulation of his opinion. Synthes Spine Co., L.P. v. Walden, 232 F.R.D. 460, 462-63 (E.D. Pa. 2005). In the present case, Mr. Lapensohn explicitly states that he "reviewed" the documents in question "as part of my engagement in expressing the below opinion." Accordingly, these documents lost whatever privileged character they may have originally possessed, and are now required to be disclosed as part of expert discovery.

Respectfully,

Craig E. Ziegler

CEZ:me

cc:   David F. McComb, Esquire  (via facsimile)
      John P. Morgenstern, Esquire  (via facsimile)
      Christopher C. Negrete, Esquire  (via facsimile)
      Jeffrey R. Lerman, Esquire