# ZARWIN • BAUM • DEVITO
# KAPLAN • SCHAER • TODDY • P.C.
### ATTORNEYS AT LAW

DAVID F. McCOMB
dfmccomb@zarwin.com

June 15, 2012

**VIA FACSIMILE**
215-580-2141

Honorable Jan E. DuBois
Senior United States District Judge
Room 12613
United States Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    Anne Fialkowski v. David Perry, et al.
               Civil Action No. 11-cv-0513 9

Dear Judge DuBois:

      As counsel for plaintiff, I am responding to the letters sent to Your Honor by counsel for defendants David and Sherryl Perry and defendant Stan Metter regarding their request for certain documents that I forwarded to our expert witness, Howard Lapensohn. In his expert report, Mr. Lapensohn identifies the following as among the materials he had reviewed in producing his report: "various spreadsheets and document analysis prepared by Plaintiff from QuickBook records, tax returns and Discovery produced by Defendant Metter."

      Plaintiff objects to the production of this material because it is protected by the attorney-client privilege and the work product doctrine. These documents consist of correspondence, memoranda and spreadsheets prepared by Ms. Fialkowski at my request, and sent to me to assist me in understanding the Perry, Fialkowski & Perry QuickBook records and documents produced in discovery by defendants. Most of these documents are marked "Attorney-Client Privilege and Work Product." The documents contain Ms. Fialkowski's review and analysis of underlying documents that were produced by defendants in response to our discovery requests. One such document prepared by Ms. Filakowski, dated March 12, 2012, is 39 pages in length and consists of Ms. Fialkowski's analysis of the 8,000 documents produced by the Perry defendants in discovery. The documents contain Ms. Filakowski's explanation and assessment of these discovery documents and how they relate to the claims we have asserted and the various defenses raised by defendants. The spreadsheets also were prepared by Ms. Fialkowski at my request and analyze the QuickBook records by category of expense with certain notations to how the expenditures may be relevant to the case and to her damages claims.

1818 MARKET STREET ♦ 13TH FLOOR ♦ PHILADELPHIA, PA 19103-3638 ♦ (215) 569-2800 ♦ FAX (215) 569-1606 ♦ WWW.ZARWIN.COM

PENNSYLVANIA OFFICES: BETHLEHEM ♦ CONSHOHOCKEN ♦ NEW JERSEY OFFICES: JERSEY CITY ♦ MARLTON

15-'12 12:42 FROM-Zarwin Baum          2155691206           T-126 P0003/0004 F-835
Case 2:11-cv-05139-JD   Document 26   Filed 06/29/12   Page 2 of 3

IN • BAUM • DEVITO • KAPLAN • SCHAER • TODDY • P.C.

Honorable Jan E. DuBois
June 15, 2012
Page 2

These materials, which plainly are covered by the attorney-client privilege, along with numerous other documents and materials, were forwarded to Mr. Lapensohn to assist him in understanding the issues, prepare his expert report and prepare to testify and assist me in taking the defendants' depositions.

As I advised defense counsel, Federal Rule of Civil Procedure Rule 26(b) (4) (C) was added in 2010 for the specific purpose of providing work product protection for attorney-expert communications and was "designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery." *See* Rule 26 2010 Notes of Advisory Committee at ¶10, *O'Connor's Federal Rules (2012 Supp)*. The Advisory Committee Notes state that the prior version of the Rule impeded communications between counsel and retained experts as both designed strategies based on the discoverability of their communications:

> The Committee has been told repeatedly that routine discovery into attorney-expert communications and draft reports have had undesirable effects. Costs have risen. Attorneys may employ two sets of experts -- one for purposes of consultation and another to testify at trial -- because disclosure of their collaborative interactions with expert consultants would reveal their most sensitive and confidential case analyses. At the same time, attorneys often felt compelled to adopt a guarded attitude toward their interaction with testifying experts that impedes effective communication, and experts adopt strategies that protect against discovery but also interfere with their work.

Id. at ¶2.

The Advisory Committee Notes also distinguish between the phrase "facts or data" set out in the amended Rule and the former phrasing of "data or other information" set out in the prior version and attribute the change "as meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel." *Id* at ¶ 3. "The amendments to Rule 26 (b) (4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures or attorney-expert communications." *Id*.

Almost all of the cases cited by defense counsel predate the amendment to the Rule and are plainly inapplicable. The one case cited by Mr. Ziegler that was decided after the Rule change, *Kida v. Ecowater Systems LLC*, 2011 U.S.Dist LEXIS 54366 (E.D.

Honorable Jan E. DuBois
June 15, 2012
Page 3

Pa May 17, 2011), involved a motion to quash a subpoena directed to a non-testifying expert and did not discuss the issue presented here.

The argument by defense counsel that they are entitled to obtain attorney-client privilege material and work product suggestion because they were shared with a retained, testifying expert is completely contrary to the language and expressed intent of Rule 26, and would invade the attorney-client privilege. As the Third Circuit has noted, "protecting attorney's work product promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their client." *Westinghouse Electric Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991). That rationale is fully applicable here.

For these reasons, plaintiff requests that the Court deny defendants' request that she disclose to them the attorney-client privileged and work product material they have requested.

Respectfully,

DAVID F. McCOMB

cc: Christopher C. Negrete, Esq.
    Craig E. Ziegler, Esq.