## DEASEY MAHONEY
## VALENTINI · NORTH LTD

FRANCIS J. DEASEY
HARRY C. MAHONEY
GERALD J. VALENTINI‡
JANE A. NORTH†
HENRI MARCEL†
CARLA P. MARESCA†
JOHN P. MORGENSTERN†

WARD A. RIVERS†
CHRISTOPHER C. NEGRETE
STEPHEN J. PARISH†
THOMAS C. GALLAGHER†
ANDREW B. ADAIR
SHERYL L. BROWN†
MATTHEW J. JUNK†
ATHENA O. PAPPAS†
KEVIN M. DURKAN†
RUFUS A. JENNINGS◊
PETER R. KULP†
KATHERINE J. SULLIVAN†
CHRISTINE D. STEERE†
STACEYANN M. SAUNDERS†
MILES P. DUMACK
MEGHAN P. HENRY†
DAMARIS L. GARCIA
MAY MON POST

SUITE 3400
1601 MARKET STREET
PHILADELPHIA, PA 19103-2301
215-587-9400
FACSIMILE: 215-587-9456

DIRECT EMAIL: JPMORGENSTERN@DMVNLAW.COM
VOICE-MAIL EXTENSION #150

DIRECT EMAIL: CCNEGRETE@DMVNLAW.COM
VOICE-MAIL EXTENSION #130

NEW JERSEY OFFICE
20 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-6331
FACSIMILE: 856-429-6362

MEDIA OFFICE
SUITE 101
103 CHESLEY DRIVE
MEDIA, PA 19063
610-892-2732
FACSIMILE: 610-892-2926

OF COUNSEL:

FRANK C. BENDER
MICHAEL P. RAUSCH†
WILLIAM A. RUBERT†

† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
◊ ALSO MEMBER NY BAR

June 18, 2012

### VIA FACSIMILE

The Honorable Jan E. DuBois
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
12613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    RE:    ANNE E. FIALKOWSKI V. DAVID PERRY, *ET AL.*
            CIVIL ACTION NO. 11-CV-5139
            OUR FILE NO. 701.24200

Dear Judge DuBois:

    Please allow this letter to serve as the Defendants' brief reply to Mr. McComb's correspondence dated June 15, 2012.

    First, by noting that he supplied the disputed documents to Mr. Lapensohn "to assist him in understanding the issues, prepare his expert report and prepare to testify," Mr. McComb has conceded that Mr. Lapensohn considered and relied upon them. Thus, pursuant to Rule 26(a)(2)(B)(ii), any previously applicable privilege has been expressly waived and the disputed documents are discoverable. Additionally, as statements of a party, the documents are also admissible under the Rules of Evidence.

    Second, Rule 26(b)(4)(C) only protects "communications between a party's attorney and expert witnesses." This Rule was never intended to protect underlying documentation the attorney supplied to the expert. The Advisory Committee explained:

> The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to

The Honorable Jan E. DuBois
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
June 18, 2012
Page 2

> searching discovery. ***The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney on whose behalf the witness will be testifying,*** including any "preliminary" expert opinions.

See Notes of Advisory Committee on 2010 amendments, ¶ 10 (emphasis added). Because the disputed documents do not qualify as attorney-expert communications, Rule 26(b)4(C) is inapplicable.

Third, the purpose of the 2010 change in the language of Rule 26(a)(2)(C)(ii) from "data or other information" to "facts or data" was solely to "limit disclosure to material of a factual nature by excluding theories or ***mental impressions of counsel.***" See Notes of Advisory Committee on 2010 amendments, ¶ 4 (emphasis added). Because there is no evidence that the disputed documents contain Mr. McComb's mental impressions, the change in language is immaterial to the instant dispute.

Finally, the Advisory Committee intended that:

> "facts or data" ***be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.***

See Notes of Advisory Committee on 2010 amendments, ¶ 4 (emphasis added). Such a broad interpretation requires disclosure of the disputed documents.

Thank you for your kind assistance with this matter.

Respectfully submitted,

DEASEY, MAHONEY, VALENTINI & NORTH, LTD.

BY: _____
JOHN P. MORGENSTERN, ESQUIRE
CHRISTOPHER C. NEGRETE, ESQUIRE

cc:  David F. McComb, Esquire (via email)
     Craig E. Ziegler, Esquire (via email)
     Jeffrey R. Lerman, Esquire (via email)